UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PREMIER SOUTH, LLC, | ) |
|            Plaintiff, | ) Case No. 3:17-cv-00316 |
| v. | ) |
| PREMIER ROOFING, LLC; DONALD JOEL BOYTE, JR., individually | ) |
|            Defendants. | ) |

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), LA R.S. § 51:211, ET SEQ., LA R.S. § 51:1401, ET SEQ., LA R.S. § 12:1342, ET SEQ., LA R.S. § 12:1320, ET SEQ., AND RELATED CLAIMS; JURY DEMANDED**

Plaintiff, by and through its attorney Adam V. Vickers, by way of Complaint against Defendants Premier Roofing, LLC (herein, "Premier Roofing") and Donald Joel Boyte, Jr., individually (herein, "Mr. Boyte") (collectively "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff Premier South, LLC ("Plaintiff" or "Premier South") is a Louisiana limited liability company doing business in Baton Rouge, Louisiana and elsewhere. Plaintiff provides labor and materials for residential and commercial roof construction.

2. Defendant Premier Roofing is a Mississippi limited liability company formed in McComb, MS, on or about September 14, 2015. Premier Roofing is also a roofing business which operates in Baton Rouge, Louisiana and elsewhere.

3. Defendant Mr. Boyte, upon information and belief, resides in Mississippi and does business in Baton Rouge, Louisiana and elsewhere, at times through the Premier Roofing Defendant entity.

4. Defendant Mr. Boyte, upon information and belief, is the sole founder, member, owner, officer, director, manager and registered agent of Defendant Premier Roofing. The corporate filing for Premier Roofing, LLC, in the Mississippi Secretary of State online records database identifies Mr. Boyte as the sole member, officer and manager of Premier Roofing.

5. Furthermore, Premier Roofing was at all times alleged herein under the control of its sole founder and principal, Mr. Boyte. Mr. Boyte directs and participates in the day-to-day operations of Premier Roofing, is and has always been responsible for the acts of Premier Roofing and for all intents and purposes, Mr. Boyte operates and acts through the Premier Roofing entity.

6. As explained herein, Mr. Boyte has used and continues to use Premier Roofing to defraud Plaintiff and multiple third parties.

7. Further, as explained herein, Mr. Boyte has failed to follow statutory formalities in incorporating and transacting Premier Roofing's business and corporate affairs. Premier Roofing has been and continues to do business in Louisiana without the State of Louisiana's authorization, which is a violation of La. R.S. § 12:1342, et seq.

8. Mr. Boyte's overt fraudulent conduct and failure to follow statutory formalities and laws in incorporating and transacting Premier Roofing's business and corporate affairs warrants personal liability against Mr. Boyte in addition to Premier Roofing.

## JURISDICTION AND VENUE

9. This is an action for violation of 15 U.S.C. § 1114; 15 U.S.C. § 1125(a); 15 U.S.C. § 1125(c); 15 U.S.C. § 1125(d) and for related claims arising under the State of Louisiana's Unfair Business Practices-Consumer Protection Act, La. R.S. §51:1401, et. seq., and for fraud.

10. This court has jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338 and 1367.

11. Venue is proper in this district under 28 U.S.C. § 1391.

## JURY DEMAND

12. Plaintiff demands a jury for all issues in this case triable as such.

## OPERATIVE FACTS

13. Plaintiff realleges all preceding allegations.

14. Plaintiff has for many years maintained a successful roofing business based in Baton Rouge, Louisiana. Plaintiff provides a variety of roofing services, including new construction, re-roofing and renovations for residential and commercial buildings. Plaintiff also provides a variety of roofing-related products suitable to the needs of each project and customer.

15. Plaintiff has expended considerable sums of money, time and effort to develop its business and goodwill associated with its brand name Premier South. Development of Plaintiff's business and brand has involved creation of attractive displays including text, graphics, signs, magnets, a website and photographs, all of which operate to present Plaintiff's goods and services in a favorable and desirable light to promote sales and generate business.

16. On or around June 1, 2010, as part of Plaintiff's marketing and sales efforts, Plaintiff built an exterior sign located on Plaintiff's office property. Plaintiff also began creating and distributing various signage and marketing materials. Plaintiff registered the following trademarks with the United States Patent and Trademark Office ("USPTO"):

| MARK | USPTO REGISTRATION NUMBER | DATE OF FIRST USE IN COMMERCE |
|---|---|---|
| PREMIER SOUTH | 5104924 | June 1, 2010 |
| PREMIER SOUTH ROOFING & SHEET METAL, GUTTERS & REPAIRS | 5104929 | July 1, 2015 |

17. Plaintiff has continuously used its trademarks in connection with its roofing business. Plaintiff's federal trademark registrations are in good standing.

18. Plaintiff has built a well-known and respected business over the years. Plaintiff's distinctive brand name represents Plaintiff's hard-earned goodwill throughout the Baton Rouge area and beyond. Plaintiff's customers recognize Plaintiff's brand and expect high quality goods and services will be provided by any business seemingly associated with Plaintiff's brand.

19. Upon information and belief, Defendants have offered roofing goods and services under the business name Premier Roofing since the formation of Mr. Boyte's Mississippi limited liability company Premier Roofing, LLC, in September, 2015. Defendants have offered their services in Louisiana since they began doing business, upon information and belief. However, the online records of the Louisiana Secretary of State reflect that Defendants have not obtained State authorization to transact business in Louisiana.

20.     Plaintiff discovered in the Spring of 2016 that Defendants were using the mark "Premier Roofing", for roofing goods and services. Upon information and belief, Mr. Boyte was also misrepresenting his business as Premier South with the intent to mislead roofing customers and other professionals in the construction profession.

21.     Plaintiff learned about Defendants' use trademark infringement through Plaintiff's suppliers and customers. Plaintiff became concerned for the integrity of the Premier South brand, reputation and goodwill given the confusingly similar mark Defendants were using and the actual confusion Plaintiff's customers and suppliers and expressed.

22.     The undersigned mailed a cease and desist letter via certified U.S. Mail to Defendants on May 20, 2016. Defendants received the certified correspondence on May 23, 2016.

23.     On or about June 1, 2016, Robert John ("R.J.") McGimsey, the owner of Plaintiff Premier South, LLC, attended a telephone call with Mr. Boyte regarding Mr. Boyte's infringement of Plaintiff's trademarks. Mr. Boyte confirmed receipt of Plaintiff's cease and desist demand letter. Mr. McGimsey expressed that suppliers and customers, among others, were confusing Plaintiff and Defendants due to Defendants' infringing activity. Mr. Boyte agreed to change his company's name within thirty (30) days and pledged not to use a mark similar to Premier South.

24.     Neither Mr. Boyte nor any other representative of Defendants suggested to the undersigned, Plaintiff or any of Plaintiff's representatives that Defendants would continue to use the name Premier South in connection with Defendants' goods and services. Rather,

Defendants led Plaintiff to believe that Defendants would, in good faith, fulfill their obligation to cease and desist use of Premier South and similar marks.

25. During or about February, 2017, Plaintiff learned from multiple sources that Defendants were still doing business under the Premier Roofing name despite their pledge to change the company name. Plaintiff also learned that Mr. Boyte misrepresented his business as Plaintiff's business to multiple entities in construction-related settings, with the obvious intent to trade on Plaintiff's goodwill and usurp business by confusing potential customers regarding Defendants' identity.

26. By continued use of the name Premier Roofing, Defendants have furthered a scheme to divert customers of Plaintiff's business to that of Defendants. The use of the infringing and imitating name Premier Roofing is without Plaintiff's consent and is damaging Plaintiff's business and reputation by means of lost sales and diminution of goodwill and business reputation.

27. Defendants' conduct is deliberate and intentional. It is specifically intended to enrich Defendants and harm and damage Plaintiff. Defendants' use of Premier Roofing has caused actual confusion, mistake and deceived third parties into thinking there is some affiliation, connection or association of Defendants with Plaintiff, which is not true. Defendants' infringement has caused actual confusion, mistake and deceived third parties as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.

28. Defendants' use of Premier Roofing misrepresents the nature, characteristics, qualities and geographic origin of Defendants' goods, services and commercial activities.

Defendants' use of Premier Roofing is likely to continue causing actual confusion, mistake and deceive third parties as to the affiliation, connection or association of Defendants with Plaintiff, and as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.

29. Defendants have willfully infringed upon and diluted Plaintiff's trademarks, which are distinctive within the meaning of 15 U.S.C. § 1125(c), with the intent to usurp business from Plaintiff by misleading potential customers and others in the construction industry.

30. Defendants' conduct has occurred in, continues to occur in, and has damaged Plaintiff in this District and elsewhere.

## COUNT 1: VIOLATION OF 15 U.S.C. § 1114

31. Plaintiff realleges all preceding allegations.

32. Defendants' use of the name Premier Roofing is a violation of 15 U.S.C. § 1114 because Defendants have, without the consent of Plaintiff who is the registrant of the trademarks PREMIER SOUTH and PREMIER SOUTH ROOFING & SHEET METAL, GUTTERS & REPAIRS, used in commerce a reproduction, counterfeit, copy, colorable imitation, strikingly and confusingly similar mark to that of Plaintiff's trademarks in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants. Defendants have used the infringing mark Premier Roofing in such a manner as is likely to cause confusion, mistake or deceive.

33. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. § 1117. Damages

include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with expenses and Plaintiff's reasonable attorney fees, and prejudgment interest. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

### COUNT 2: VIOLATION OF 15 U.S.C. § 1125(a)

34. Plaintiff realleges all preceding allegations.

35. Defendants have violated 15 U.S.C. § 1125(a) by using the name Premier Roofing in connection with Defendants' goods and services, which represents a false destination of origin, false or misleading description and/or a misrepresentation of act likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Defendants with Plaintiff or which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

36. Defendants have similarly violated 15 U.S.C. § 1125(a) because their commercial advertising or promotion using Premier Roofing misrepresents the nature, characteristics, qualities, and or geographic origin of Defendants' goods, services or commercial activities. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' conduct.

37. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. § 1117. Damages include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of

this action, together with expenses and Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

### COUNT 3: VIOLATION OF 15 U.S.C. § 1125(c)

38. Plaintiff realleges all preceding allegations.

39. Defendants' use of the mark Premier Roofing has diluted and continues to dilute the distinctive quality of Plaintiff's trademarks PREMIER SOUTH and PREMIER SOUTH ROOFING & SHEET METAL, GUTTERS & REPAIRS. Defendants' use of Premier Roofing is a violation of 15 U.S.C. § 1125(c), Plaintiff's marks being distinctive within the meaning of the statute and Defendants' use of Premier Roofing having begun after Plaintiff's marks became distinctive.

40. Defendants willfully intended to trade on Plaintiff's reputation and dilute Plaintiff's mark by their use of the mark Premier Roofing, their knowledge of Plaintiff's business and goodwill, and their intentional misrepresentation to other entities that Premier Roofing was and is Premier South. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' conduct.

41. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. § 1117. Damages include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with expenses and Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

### COUNT 4: VIOLATION OF LA R.S. § 51:211, ET SEQ.

42. Plaintiff realleges all preceding allegations.

43. Defendants have used, without Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's trademarks PREMIER SOUTH and PREMIER SOUTH ROOFING & SHEET METAL, GUTTERS & REPAIRS in connection with the sale, offering for sale, or advertising of goods and services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source or origin of such goods or services.

44. Defendants have also, without Plaintiff's consent, reproduced, counterfeited, copied or colorably imitated Plaintiff's trademarks and applied such reproductions, counterfeits, copies or colorable imitations to labels, signs, prints, or advertisements of goods and services for which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

45. Plaintiff is entitled to all remedies provided for under LA R.S. § 51:223, including but not limited to injunction of all use of the mark Premier Roofing and similar marks, all profits Defendant derived from use of the Premier Roofing mark, and all damages Plaintiff has suffered due to Defendant's infringing activity.

### COUNT 5: VIOLATION OF LA R.S. § 51:1401, ET SEQ.

46. Plaintiff realleges all preceding allegations.

47. Defendants made material representations to the Plaintiff regarding Defendants' agreement to cease and desist use of all infringing marks. However, Defendants misrepresented their intent to honor their agreement and cease and desist use of all infringing marks. Plaintiff reasonably relied on Defendants' misrepresentations and has suffered and continues to suffer irreparable harm in the form of financial loss, diminution of goodwill and

reputation, dilution of trademark value, costs and expenses due to Defendants' misrepresentations.

48. Defendants made material representations to third parties regarding Defendants' identity through use of the confusingly similar mark Premier Roofing and by overtly misrepresenting that Defendants were the Plaintiff. Third parties have suffered damages and losses by transacting business with Defendants under the misguided understanding that they were transacting business with Plaintiff.

49. Defendants' misrepresentations to Plaintiff, misrepresentations to third parties, and use of the mark Premier Roofing represents unfair business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. § 51:1401, et seq. Defendants are jointly and severally liable for all damages proximately caused to Plaintiff and for unjust enrichment. Plaintiff is further entitled to injunctive relief, treble damages, attorney fees and costs under said act.

## COUNT 6: FRAUD

50. Plaintiff realleges all preceding allegations.

51. As of May 23, 2016, if not earlier, Defendants knew Plaintiff was operating a roofing business under the name Premier South, and that Plaintiff also used the name Premier South Roofing & Sheet Metal, Gutters & Repairs. However, Defendants disregarded the likelihood that consumers would confuse Plaintiff with Defendants and ignored Plaintiff's demand to cease and desist use of the infringing mark.

52. On or about June 1, 2016, Mr. Boyte, on behalf of both Defendants, held telephone conversations with Mr. McGimsey regarding Plaintiff's trademark ownership,

Defendants' infringing conduct, and Plaintiff's demand that Defendants cease and desist use of the Premier Roofing mark and all other similar marks. Plaintiff's desire to avoid consumer and customer confusion between Premier South, LLC and Premier Roofing, LLC, was explained to Defendants multiple times.

53. During those telephone conversations on or about June 1, 2016, Mr. Boyte, on behalf of both Defendants, acknowledged use of the infringing mark(s) and pledged and agreed, without reservation, to cease and desist use of the Premier Roofing mark and all other similar marks within thirty (30) days. Plaintiff reasonably relied on Defendants' pledge and agreement.

54. Mr. Boyte, on behalf of both Defendants, knew when he pledged and agreed to cease and desist use of infringing marks that Defendants did not intend to cease and desist and would in fact not cease and desist. Rather, Mr. Boyte, on behalf of both Defendants, intentionally misrepresented that Defendants would cease and desist the infringing conduct. Defendants intended to continue using the Premier Roofing mark and possibly other similar marks. Defendants intended to beguile Plaintiff to Plaintiff's detriment, and Defendants succeeded.

55. Plaintiff learned during or about February, 2017 that Defendants intentionally misrepresented their identities and not only were Defendants continuing to use the infringing mark, but Defendants were also masquerading as Plaintiff. Third parties expressed their confusion between Plaintiff and Defendants to Mr. McGimsey on or about February 28, 2017. Defendants defrauded multiple third parties in addition to Plaintiff.

56. As a result of Defendant's fraudulent conduct, Plaintiff has suffered dilution of its distinctive trademark, tarnished goodwill, business losses, money damages, and has been forced to bear the costs of these proceedings to enforce its rights.

57. Plaintiff is entitled to injunctive relief and recovery of damages from Defendants jointly and severally. Damages include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with expenses, Plaintiff's reasonable attorney fees, and punitive damages. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

### COUNT 7: DETRIMENTAL RELIANCE (LA C.C. ART. 1967)

58. Plaintiff realleges all preceding allegations.

59. On or about June 1, 2016, Mr. Boyte promised Mr. McGimsey during a telephone call that Mr. Boyte and Premier Roofing would stop using the name "Premier Roofing" within thirty (30) days. Plaintiff relied on Mr. Boyte's representation, given that Mr. Boyte had received Plaintiff's cease and desist demand letter, discussed Plaintiff's trademark rights with Mr. McGimsey, acknowledged the merits of Plaintiff's demand, and confirmed he wanted to avoid the costs and difficulties of litigation. Mr. Boyte did not provide any reason for Mr. McGimsey to disbelieve his representations.

60. Plaintiff forestalled legal action to enforce its rights because Plaintiff relied on Defendants' representations. Plaintiff has suffered trademark dilution, loss of business, loss of income, tarnished reputation and goodwill, and has been forced to bear the costs of these proceedings due to Defendants' continued use of the Premier Roofing mark.

61. Defendants are jointly and severally liable for all damages proximately caused to Plaintiff due to Plaintiff's detrimental reliance. Damages include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with expenses and reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

## COUNT 8: UNJUST ENRICHMENT

62. Plaintiff realleges all preceding allegations.

63. Defendants have been enriched without cause at the expense of Plaintiff due to Defendants' illicit use of Plaintiff's trademarks and Defendants' misrepresentations to Plaintiff regarding Defendants' agreement to cease and desist use of the Premier Roofing mark. Specifically, Defendants have been enriched by, among other things, not bearing the significant expense and time investment to establish a reputable brand name in the area for roofing goods and services. Defendants have also obtained roofing business due to customers' and others' confusion as to whether Defendants were actually Plaintiff.

64. Likewise, Plaintiff has suffered harm in the form of trademark dilution, loss of business, loss of income, tarnished reputation and goodwill, and has been forced to bear the costs of these proceedings due to Defendants' continued use of the Premier Roofing mark. There is no justification or cause for the enrichment Defendants have enjoyed at Plaintiff's costs.

65. Defendants are jointly and severally liable for all damages proximately caused to Plaintiff due to Defendants' unjust enrichment. Damages include the actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with

expenses and reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sums as this Court finds equitable and just.

### COUNT 9: VIOLATION OF LA R.S. § 12:1342, ET SEQ.

66. Plaintiff realleges all preceding allegations.

67. Louisiana law requires every foreign limited liability company to procure a certificate of authority from the Louisiana Secretary of State before it may transact business within the state. La. R.S. § 12:1342, et seq.

68. Defendant is a foreign limited liability company that has been and continues to do business in Louisiana. However, Defendant has not obtained a certificate of authority to transact business in Louisiana. Defendant is violating La. R.S. § 12:1342, et seq., and must be subject to the penalties for such violations.

### COUNT 10: PERSONAL LIABILITY OF DONALD JOEL BOYTE, JR. {LA R.S. § 12:1320(D)}

69. Plaintiff realleges all preceding allegations.

70. Mr. Boyte, as the sole member, principal and manager of Premier Roofing, failed to follow statutory formalities in incorporating and transacting Premier Roofing's corporate affairs. Specifically, Mr. Boyte failed to register Premier Roofing, LLC, with the Louisiana Secretary of State or obtain authorization from the State of Louisiana to transact business in the State.

71. Mr. Boyte fraudulently misrepresented Premier Roofing's identity claiming to be Plaintiff to multiple third parties in the construction and insurance industries. Mr. Boyte's intentional misrepresentation to third parties warrants personal liability.

72. Mr. Boyte misrepresented his intent to change Premier Roofing's name and cease and desist all infringing use. Mr. Boyte intended to mislead Plaintiff. Mr. Boyte's overt fraudulent activity comprises justification for disregarding the corporate entity and holding Mr. Boyte personally liable.

**WHEREFORE**, Plaintiff prays as follows:

1. That the Court enter judgment in Plaintiff's favor against Defendants, jointly and severally, for all damages Defendants proximately caused and further award Plaintiff its attorney fees and costs incurred for prosecution of this action.

2. That the Court find Defendants violated 15 U.S.C. § 1114 and grant Plaintiff a preliminary and permanent injunctive relief under 15 U.S.C. § 1116, together with damages, pursuant to 15 U.S.C. § 1117 consisting of Defendants' profits, any damages Plaintiff sustained and the costs of this action; said amount to be trebled; that the Court award Plaintiff its attorney fees; prejudgment interest; that the Court in the alternative, if Plaintiff so elects, award statutory damages in excess of $100,000.00 against Defendants.

3. That the Court find Defendants violated 15 U.S.C. § 1125(a) and grant Plaintiff preliminary and permanent injunctive relief under 15 U.S.C. § 1116, together with damages, pursuant to 15 U.S.C. § 1117 consisting of Defendants' profits, any damages Plaintiff sustained and the costs of this action; that the Court award Plaintiff its attorney fees.

4. That the Court find Defendants violated 15 U.S.C. § 1125(c) and grant Plaintiff preliminary and permanent injunctive relief under 15 U.S.C. § 1116, together with damages, pursuant to 15 U.S.C. § 1117 consisting of Defendants' profits, any damages Plaintiff sustained and the costs of this action; that the Court award Plaintiff its attorney fees.

5. That the Court find Defendants violated LA R.S. § 51:211, et seq., and grant Plaintiff all remedies provided for under LA R.S. § 51:223, including but not limited to permanent injunctive relief against all use of the mark Premier Roofing and similar marks, all profits Defendant derived from use of the Premier Roofing mark, and all damages Plaintiff has suffered due to Defendant's infringing activity.

6. That the Court find Defendants violated La. R.S. § 51:1401, et seq., and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial; said amount to be trebled; that the Court award Plaintiff its attorney fees and costs.

7. That the Court find Defendants committed fraud for intentional misrepresentation to Plaintiff and third parties, and award Plaintiff punitive damages in excess of $100,000.00, together with costs and attorney fees, and punitive damages in an amount the Court deems just and equitable.

8. That the Court find Plaintiff relied on Defendants' representations to its detriment, and award Plaintiff its actual damages sustained, the Defendants' profits, and the costs of this action, together with expenses and reasonable attorney fees.

9. That the Court find Defendants were unjustly enriched by their actions, and award Plaintiff actual damages Plaintiff has sustained, the Defendants' profits, and the costs of this action, together with expenses and reasonable attorney fees.

10. That the Court find Defendants violated LA R.S. § 12:1342, and award Plaintiff damages and such other relief as the Court deems equitable and just.

11. That the Court find Donald Joel Boyte, Jr., violated LA R.S. § 12:1320(D), and award Plaintiff all damages sought against Donald Joel Boyte, Jr., herein.

12. That the Court award such other relief as it deems equitable and just.

I certify under penalty of perjury that the above petition is true to the best of my information, knowledge and belief.

Signed this 17th day of May, 2017.

        Respectfully submitted,

        *[signature]*

        Adam V. Vickers (#34992)
        Cara Stone, LLP
        650 Poydras St., Suite 1130
        New Orleans, LA 70130
        504-265-9955
        avickers@carastone.com
        *Attorney for Plaintiffs*