UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PREMIER SOUTH, LLC**             CIVIL ACTION

**VERSUS**

**PREMIER ROOFING LLC, ET AL.**      NO.: 17-CV-00316-BAJ-EWD

<u>RULING AND ORDER</u>

Before the Court is **Plaintiff's Motion for Entry of Default Judgment, or in the Alternative, Motion for Summary Judgment (Doc. 44)** filed by Premier South, LLC ("Plaintiff") in which Plaintiff seeks a default judgment against Premier Roofing LLC and Donald Joel Boyte, Jr. ("Defendants"). Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, **Plaintiff's Motion for Entry of Default Judgment, or in the Alternative, Motion for Summary Judgment (Doc. 44)** is **GRANTED**.

I.     BACKGROUND

Plaintiff and Defendants are roofing contractors. (Doc. 44-1 at p. 7). Plaintiff operates under the name "Premier South," while Defendant operates under the name "Premier Roofing." (Id.). Plaintiff owns the trademark rights to the name "Premier South." (Id.). Plaintiff alleges that Defendant's name and mark are confusingly similar to his mark, "Premier South," constituting willful trademark infringement.

1

(Id.). Plaitniff also alleges that Defendants promised to rebrand, but did not do so. (Id.).

Plaintiff further alleges that the parties entered into a settlement agreement on December 12, 2017, which Defendants breached. (Id. at p. 13). Plaintiff avers that after engaging in limited discovery, Defendants' attorney withdrew from this matter. (Id.). Plaintiff asserts that Defendants did not respond to or object to any of Plaintiff's discovery requests. (Id.). The Clerk of Court entered default against Defendant on January 9, 2019. (Doc. 39). Plaintiffs then filed the motion *sub judice*. (Doc. 44).

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. *Id.* at 141; Fed. R. Civ. P. 55(b).

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the

grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

### III. DISCUSSION

#### A. Default Judgment is Appropriate Under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to respond to Plaintiff's discovery requests, under Federal Rule of Civil Procedure 37(d) and 37(b)(2)(A)(i)-(vi). Second, it is undisputed that Defendant has not responded to any of Plaintiffs attempts to contact them after interrogatories were propounded. Third, the grounds for granting a default judgment against the Defendant are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because the Defendant has failed to respond to Plaintiffs, and has not challenged the entry of default or the instant motion. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness

3

of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by the Defendant. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

B.  **The Sufficiency of the Pleadings**

The Court must also determine whether Plaintiffs' pleadings provide a sufficient basis for a default judgement. Plaintiff sued Defendants for trademark infringement under 15 U.S.C. § 1114 of the Lanham Act, and false designation of origin under 15 U.S.C. §1125(a). In order to prevail on a trademark infringement claim under the Lanham Act[1], a plaintiff must establish: 1) ownership of a protectable mark, and; 2) a likelihood of confusion created by an infringing mark. *Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc.* 62 F.3d 690, 692 (5th Cir. 1995). The analysis of claims for false designation of origin under 15 U.S.C. § 1125(a) follow the same "likelihood of confusion" analysis. *Hamdan* at *3 (M.D. La., Mar. 22, 2016).

Here, Plaintiffs allege that Defendants have intentionally misled customers into believing that Defendants either were Plaintiff's company, or affiliates of Plaintiff's company by using a mark that is confusingly similar to Plaintiff's federally registered mark. (Doc. 44-1 at p. 7). Therefore, Plaintiff has demonstrated a sufficient basis for default on its trademark infringement and false designation of origin claims. Plaintiffs motion for default judgment is granted.

IV.  **CONCLUSION**

Accordingly,

---

[1] 15 U.S.C. § 1051, et seq.

**IT IS ORDERED** that the **Motion for Default Judgment (Doc. 44)** filed by Plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff prepare and submit a brief and any accompanying motions on the topic of damages, costs, attorney's fees, and other requested reliefs by no later than June 28, 2019.

Baton Rouge, Louisiana, this 19th day of June, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**