UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PREMIER SOUTH, LLC                                         CIVIL ACTION

VERSUS

PREMIER ROOFING LLC, ET AL.                    NO.: 17-CV-00316-BAJ-EWD

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Remedies (Doc. 49)**. Plaintiff requests an injunction, damages, attorney's fees, and costs and expenses. *Id.* Defendant did not file an opposition to the motion and oral argument on this matter is not necessary. For the following reasons, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff and Defendants are roofing contractors. (Doc. 44-1 at p. 7). Plaintiff operates under the name "Premier South," while Defendants operate under the name "Premier Roofing." *Id.* Plaintiff owns the trademark rights to the name "Premier South." *Id.* Plaintiff alleges that Defendants' name and mark are confusingly similar to his mark, "Premier South," constituting willful trademark infringement. *Id.* Plaintiff also alleges that Defendants promised to rebrand but did not. *Id.*

Plaintiff further alleges that the parties entered into a settlement agreement on December 12, 2017, which Defendants breached. (*Id.* at p. 13). Plaintiff avers that after engaging in limited discovery, Defendants' attorney withdrew from this matter. (*Id.*). Plaintiff asserts that Defendants did not respond to or object to any of Plaintiff's

discovery requests. (*Id.*). The Clerk of Court entered default against Defendants on January 9, 2019. (Doc. 39). The Court entered default judgment against Defendants on June 25, 2019 and instructed Plaintiff to prepare and submit a brief on the topic of damages, costs, attorney's fees, and other requested reliefs. (Doc. 48). Plaintiff then filed the motion *sub judice*. (Doc. 49).

## II. INJUNCTIVE RELIEF

Plaintiff is requesting a permanent injunction against Defendants. The Lanham Act grants the Court discretion to enter an injunction to prevent continued infringement of a trademark. 15 U.S.C. § 1116(a). In order for a permanent injunction to issue, a plaintiff must show "that a commercial advertisement or promotion is either literally false or that the advertisement is likely to mislead and confuse consumers" and that the plaintiff "will suffer irreparable harm if the injunction is not granted." *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 465 (5th Cir. 2001) (quoting *Seven-Up v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996)). Plaintiff's allegations have shown that Defendant's use of "Premier Roofing" is likely to confuse consumers as to the source of the goods and services provided. (Doc. 49-1 at p. 7). Plaintiff also alleges that the continued use of "Premier Roofing" will cause him irreparable harm by damaging his consumer goodwill. *Id.* As such, a permanent injunction is warranted.

## III. DAMAGES

Upon a successful claim under 15 U.S.C. §1125, a plaintiff shall be entitled to recover the defendant's profits, damages sustained by the plaintiff, and the costs of

the action. 15 U.S.C. § 1125. The awarding of profits is not automatic and is within the discretion of the court. *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 349 (5th Cir. 2002) (citing *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 131 (1947); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 155 F.3d 526, 554 (5th Cir. 1998)). Relevant factors in this analysis include,

> (1) whether the defendant had the intent to confuse or deceive, (2) whether the sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

*Id.* (quoting *Pebble Beach*, 155 F.3d at 554). Similarly, the court is given broad discretion to determine "a just amount or recovery for trademark infringement." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.*, 112 F.3d 1296, 1304 (5th Cir. 1997).

Plaintiff has submitted an affidavit estimating that Defendants completed fifteen (15) projects which would have been Plaintiff's projects had Defendants not infringed on Plaintiff's trademark. (Doc. 49-2 at p. 5). The average profit margin for these projects is $1,500.00. *Id.* Defendants do not contest Plaintiff's evidence. Thus, Plaintiff is awarded $30,000.00.

Plaintiff also requests that the Court award twice the estimated amount of lost profits. Courts may enhance damages to "provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice, particularly where the imprecision results from [the] defendant' conduct." *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991). "An

3

enhancement of damages may be based on a finding of willful infringement." *Id.* Given the evidence of willful infringement in this case, the Court grants Plaintiff's request.

## IV. ATTORNEY'S FEES

The Lanham Act provides for attorney fees, but only in "exceptional cases." 15 U.S.C. § 1117. The Fifth Circuit has defined "exceptional cases" as those where the defendant infringes the plaintiff's mark in bad faith—where the infringement is malicious, fraudulent, deliberate, or willful. *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 537 (5th Cir. 2012) (citations omitted); *Procter & Gamble, Co. v. Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002); *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992). Courts have found that a failure to cease and desist upon request of the plaintiff or the failure to respond to pleadings can constitute bad faith. *See Chevron Intellectual Prop., LLC v. Allen*, 2009 U.S. Dist. LEXIS 74751 (N.D. Tex. 2009).

Here, Defendants have exhibited several instances of bad faith. First, according to the declaration of Robert John McGimsey, the owner of Premier South, LLC, he contacted Donald Joel Boyte concerning the use of "Premier Roofing" in June of 2016. (Doc. 44-4 at p. 4). Boyte indicated that he would change the business name within 30 days. *Id.* However, Defendants did not change the business name for over a year. Additionally, after being properly served with Plaintiff's Complaint on August 24, 2017, Defendants failed to timely file a response. Defendants also failed to file an opposition to the instant motion. Therefore, these instances of bad faith on the part

of Defendants make this claim an "exceptional case" and entitle Plaintiff to attorney fees under 15 U.S.C. § 1117.

"The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Id.* The factors which justify an upward or downward adjustment of the lodestar fee are:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

Plaintiff submitted an affidavit indicating that Attorney Adam Vickers billed 81.50 hours at a rate of $250.00/hour. The Court finds that these fees are reasonable, and that no upward or downward adjustment is necessary. Therefore, the Court finds that $19,846.32 is an appropriate award for attorney's fees.

## V. COSTS OF LITIGATION

Plaintiff seeks to recover the costs of litigation. (Doc. 49-1 at p. 13). Title 15 U.S.C. § 1117(a) provides that a plaintiff is entitled to the costs of the action when

5

there is a violation of any right of the registrant of a trademark. Plaintiff requests that the Court award costs totaling $1,500.00. Defendants do not contest the reasonableness of these costs. Accordingly, the Court awards Plaintiff $1,500.00 in litigation costs.

VI. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion for Remedies (Doc. 49)** filed by Plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that an award of damages is hereby entered in favor of Plaintiff in the amount of $60,000.00.

**IT IS FURTHER ORDERED** that an award of attorney's fees is hereby entered in favor of Plaintiff in the amount of $19,846.32.

**IT IS FURTHER ORDERED** that an award of costs is hereby entered in favor of Plaintiff in the amount of $1,500.00.

**IT IS FURTHER ORDERED** that Defendant is **PERMANENTLY ENJOINED** from using "Premier Roofing" in connection with its business.

Baton Rouge, Louisiana, this 20th day of December, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA